# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6311 | **DATE** | August 23, 2012 |
| **CASE TITLE** | Andre W. Jackson (#2011-0616122) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Cook County Jail officials to deduct $22.50 from Plaintiff's account, and to continue making monthly deductions in accordance with this Order. The Clerk shall send a copy of this Order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also: (1) issue summonses for service of the complaint on the named Defendants (Tom Dart and Mr. Bratlien), (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this Order. Plaintiff's motion for appointment of counsel (Doc [4]) is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Andre W. Jackson, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $22.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that he is housed in 3C of Division 10 in Cook County Jail. He alleges that prison officials are using this tier as a medical tier even though the conditions of the tier are very poor and unsanitary. Furthermore, Defendants Dart and Bratlien started a policy that required all detainees to surrender their medical devices, such as canes, crutches, and wheelchairs, because gang members are also housed in the same tier. Plaintiff is unable to move within the tier because his crutches were taken away, causing him go without showers and daily activities for at least three weeks. Plaintiff names Sheriff Thomas Dart and Superintendent Bratlien as Defendants. These named Defendants must respond to the complaint. Summons cannot issue for the unidentified Director of Cermak Hospital.

The United States Marshals Service is appointed to serve the Defendants Dart and Bratlien. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service

| STATEMENT |
|---|

(or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

      After considering the above factors, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his amended complaint. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

      As Plaintiff appears capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.